MELLEN A. RANDALL *vs.* WILLIAM H. SULLIVAN.

Penobscot County. Decided April 8, 1912. The rescript is as follows: "This is an action of replevin for a horse. In his brief statement the defendant denies title in the plaintiff and alleges title in himself. At the close of the testimony the presiding Justice ordered a verdict for the defendant. The case comes to this court on exceptions to that ruling and also upon a motion for a new trial, on the ground of newly discovered evidence.

"May 30, 1910, the plaintiff being then the owner, sold the horse in question to one Erald Smith and received a Holmes note for $175, payable in six months, in which Smith agreed that the title to the horse should remain in the plaintiff until paid for. This instrument was duly recorded in the town clerk's office in Wellington June 1, 1910, at eight o'clock P. M. But it is not in controversy that Smith sold the horse to John R. Bean, and that Bean sold her to the defendant. It is contended in behalf of the defendant that Smith sold the horse to Bean about ten o'clock in the forenoon of May 30, 1910, the same day that he purchased her of the plaintiff, and two days before the bill of sale was recorded, and that Bean had no knowledge of the mortgage at the time of his purchase and was not informed of it until the controversy arose at the maturity of the Smith note.

"Smith left the State before his note became due and was not a witness at the trial. Bean testifies that he held a note against Smith for $350, and at Smith's request purchased this horse for $175, and another one for $160, and gave Smith a receipt for $335, to be endorsed on the note. Refreshing his recollection by the stub in his receipt book he states that the transaction was closed May 30, 1910, at about ten o'clock in the forenoon at his house in Detroit, but that Smith, being pressed for the payment of the note, came to him the evening before, which was Sunday, and made the proposition to sell him the two horses.

"After a careful examination of the testimony, it is the opinion of the court that a jury would not have been authorized by any evidence in the case, to reject the positive testimony of Mr. Bean, supported by his receipt book, that he bought the horse on the 30th day of May. It is of course immaterial whether it was in the forenoon or afternoon. In either case it was two days before the mortgage was recorded. The 'newly discovered evidence' of the plaintiff's wife that Smith did not leave their house until after dinner on May 30, was known to her at the time of the trial and in any event, would not have changed the result. Smith was obviously seeking to dispose of the horse to an innocent purchaser before the mortgage was recorded, and it is not probable that there was any

unnecessary delay on his part in completing the transaction with Bean. The verdict for the defendant was properly ordered. Exceptions and motion overruled." *L. B. Waldron*, for plaintiff. *Martin & Cook, and George H. Morse*, for defendant.